### Ed. Clapp et al. v. C. E. Royer.

Decided January 18, 1902.

**1.—Notes—Illegality—Issue Not Raised by Evidence.**

Where, in an action on notes, the maker testified that he signed them in consideration of the payment to him of $2500, their aggregate amount, and "through fear of criminal prosecution," but did not state that plaintiff had agreed not to prosecute, or that he even understood that he was not to be prosecuted, there was no error in the court's failure to submit to the jury the issue of whether the notes were given under an agreement not to prosecute, since the evidence did no more than raise a suspicion against plaintiff on that issue.

**2.—Same.**

The mere belief of the sureties on the notes, from statements made by others, that the maker would not be prosecuted if they signed the notes with him, would constitute no defense unless there was an agreement to that effect, express or implied.

**3.—Appeal—Fundamental Error—Failure to Submit Issue—Waiver.**

The trial court's failure or refusal to submit to the jury a controverted issue of fact, such as whether the notes sued on were executed under threats of criminal prosecution, is not fundamental error, and is waived where not duly presented by assignment of error.

Appeal from Cooke. Tried below before Hon. D. E. Barrett.

*Culp & Giddings,* for appellants.

*Davis & Garnett,* for appellee.

STEPHENS, Associate Justice.—Appellee declared on two promissory notes for the aggregate sum of $2500, executed by appellant Clapp as principal, and the other appellants, J. H. and D. D. Cooke, as sureties. Clapp disputed liability upon the ground that he had been induced to sign the notes by threats of criminal prosecution; and all the defendants disputed liability upon the ground that they had been induced to sign the notes by the alleged agreement of appellee not to prosecute Clapp.

The court instructed a verdict against Clapp, and to this error is assigned. It seems to be conceded that the duress alleged by Clapp was no defense to the action, but it is insisted that there was evidence tending to show an agreement on the part of appellee not to prosecute Clapp for crime, which was fatal to any recovery on the notes. While it is not entirely clear that there was no evidence of such an agreement, we have finally concluded that the testimony did not do more than raise a suspicion against appellee on that issue—a mere surmise or conjecture. Appellant Clapp testified in his own behalf at considerable length, stating that he had signed the notes in consideration of the $2500 originally paid him by appellee as a forfeit or earnest money in the purchase of cattle out of which this controversy arose, and "through fear of criminal prosecution;" but nowhere in his testimony did he claim that appellee had agreed not to prosecute him, or that he even understood from appellee or otherwise that he was not to be prosecuted if the notes were executed. If such an agreement was made, or such an understanding in any way reached, we are unable to explain why Clapp did not speak of it in his testimony. He should not have left to inference or conjecture merely what was so easy of proof by direct testimony. If he understood that he was not to be prosecuted, and was thus induced to execute the notes, why did he state, as above shown, two of the reasons for executing the notes and omit the third and most important one? The virtual exclusion by his testimony of this as one of the inducements to his action in executing the notes is in the nature of an admission that no such inducement was offered. He should not, therefore, now be heard to complain that in submitting the issues to the jury the court failed to submit as a ground of his defense what he did not even claim in his testimony. The court did, however, submit this issue in behalf of the other defendants, but the jury found against them on it, and it is hardly to be presumed that the result would or might have been different had it been submitted in behalf of Clapp.

The seventh paragraph of the charge is complained of in the fifth assignment of error on the ground that it eliminated from the case all evidence tending to prove that Earl Underwood was the agent of appellee in the efforts made by Underwood to induce Clapp and the Cookes to

execute the notes in question. This paragraph reads: "Though defendants, J. H. and D. D. Cooke, may have believed from the statements made by Ed Clapp, Earl Underwood, and others that said Clapp would be prosecuted unless he furnished security on the two notes sued on, and would not be, provided he furnished such security, and signed said notes under that belief, yet that would constitute no defense to said notes unless the plaintiff agreed, in consideration of said notes, not to prosecute the said Clapp."

Evidently the learned judge did not intend that this paragraph of the charge should receive the construction given it by appellant, for in preceding paragraphs Underwood's agency was distinctly submitted as a controverted issue of fact. It was doubtless intended to cover a phase of the issue raised by the evidence, but not quite covered by any of the preceding paragraphs, that the mere belief of the Cookes from statements made by others that Clapp would not be prosecuted if they signed the notes with him would constitute no defense unless there was an agreement, express or implied, to that effect. If appellee himself had made statements from which the Cookes inferred that Clapp would not be prosecuted if they became his sureties for the debt which he owed appellee, he might still have recovered if the statements had not been intended by him to induce such belief, or did not, when fairly construed, amount to a representation on his part that he would not in that event prosecute Clapp. While the charge may be subject to objection, we hardly think those brought against it in the fifth and sixth assignments—the latter being that the paragraph in question was contradictory and inconsistent with the rest of the charge—are tenable.

The fourth assignment, erroneously named the fifth in the brief, complains of the second paragraph of the charge, but it must be overruled upon the ground, as conceded in oral argument, that the error was invited by a special charge requested by appellants.

The only remaining assignment, the third, complains of the charge for requiring the jury to find that the notes would not have been executed but for the agreement not to prosecute. Abstractly considered, this objection is perhaps well taken, but no harm could have resulted in this instance. The evidence placed it beyond controversy that the Cookes signed the notes to prevent the prosecution of Clapp, and if the jury had found that appellee had agreed not to prosecute him, they must have also found that but for the understanding of the Cookes that he would not be prosecuted they would not have signed the notes, for their testimony on that point left no room for doubt. In other words, this charge submitted the issue, which was a defensive one, just as it was made by both the pleadings and evidence of appellants.

Judgment affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

The original submission of this motion was set aside and the motion resubmitted at our instance, on brief and written argument, as to the effect to be given article 754 of our Penal Code upon the issue, made by the pleadings and evidence, though not distinctly raised either in the brief of appellants or the motion for rehearing, of extorting the execution of the notes sued on by threats of criminal prosecution. In this connection the attention of counsel was called to the decision of our Court of Appeals in Cohen v. State, 38 Southwestern Reporter, 1005, construing a similar article of the Penal Code to make it a crime to extort money by written threats even where the person intimidated justly owes the debt so collected. Also, to the decision of our Supreme Court in Lawson v. Coal Company, 89 Texas, 394, holding that the question of the illegality of a contract made the basis of recovery may be raised for the first time in and by that court, as was done in that case. Counsel for appellants have cited us to several other cases, in each of which a like ruling was made by our Supreme Court. But in all the cases referred to the question arose upon the undisputed facts, and the error of rendering judgment upon an illegal contract, being thus apparent of record, was treated as fundamental. They differ from the case before us in that the evidence found in this record only tended to prove a case of extorting a pecuniary advantage by threats of criminal prosecution. A verdict of the jury was required, therefore, to establish the illegality of the notes declared on. If the issue had been submitted, the jury might or might not have so found. The question then resolves itself into this: is it fundamental error for the trial court, as in this instance, to fail or refuse to submit a controverted issue of fact to the jury? Certainly not. Counsel for appellants insist, and cite authorities to sustain the proposition, that the illegality of a contract can not be waived; but the reply to this is that the right to have a judgment reversed because of the failure of a jury to determine whether or not facts showing such illegality exist is one which may be waived.

The jurisdiction of this court is appellate only, and since, in reviewing the judgments of the courts of first instance, we are confined to the errors assigned, or to such as are apparent of record, the duty of such courts to have the illegality of contracts ascertained by the verdict of the jury where the evidence is such as to bring the question to their notice, does not concern us, in the absence of an assignment of error. If they err in such cases, the error must be treated by this court as one not disclosed by the record, for it is not our province to see what is not apparent of record or not assigned as error.

The motion will be overruled.

*Overruled.*

Hunter, Associate Justice, did not sit in this case.

Writ of error refused.